WARNER, J.
Appellant challenges the denial of his motion for postconviction relief from his 1990 conviction for robbery based upon his plea. Appellant claims that he has exonerating newly discovered evidence in the form of an affidavit from the victim of his *308 crime, signed twenty years later, stating that appellant was not involved in the robbery. We affirm the denial.
In his original statement to the police, the victim, Coleman, stated that he saw appellant with a big pistol across the street from a restaurant which Coleman and his girlfriend were exiting. Another man came around the corner and robbed them. Both men hopped into the same car and drove away. Coleman knew both men and in a deposition testified that the way appellant was acting indicated that he was part of the robbery plan. Moreover, Coleman saw appellant later, and appellant informed Coleman that he had told the co-defendant not to mess with anyone he knew, so he didn’t know why the co-defendant robbed Coleman. In his deposition prior to trial, Coleman testified that appellant did not play a major part in the robbery.
Coleman’s new statement does not recant any of his prior statements. Instead, Coleman states that he was in court at the co-defendant’s plea hearing, at which the co-defendant took full responsibility for the robbery, claiming that appellant had nothing to do with it. Much later, Coleman was told by Ms. Peaches Taylor that appellant was not involved and was with her across the street from the robbery. Thus, based upon her statement he concludes that he was wrong in thinking appellant was a lookout person in the robbery.
This does not constitute a recantation of his statement based upon newly discovered evidence. In order to succeed on a claim of newly discovered evidence, the defendant must prove two factors. First, to qualify as newly discovered evidence, “the asserted facts ‘must have been unknown by the trial court, by the party, or by counsel at the time of trial, and it must appear that defendant or his counsel could not have known them by the use of diligence.’ ” Jones v. State, 591 So.2d 911, 916 (Fla.1991) (quoting Hallman v. State, 371 So.2d 482, 485 (Fla.1979)). Second, “the newly discovered evidence must be of such nature that it would probably produce an acquittal on retrial.” Id. at 915.
Here, Coleman did not recant his statements about seeing appellant with a gun and driving away with the co-defendant, nor did he recant his conversation with appellant after the incident, which showed guilty knowledge on the part of appellant. The claim of newly discovered evidence is actually based on statements regarding appellant’s lack of involvement, which were made by the co-defendant at his plea hearing and by Ms. Taylor, who was a witness known by the appellant at the time of his plea. Both witnesses were available to appellant at the time of his plea, or, for a claim of ineffective assistance, within two years after appellant’s conviction and sentence.[1] There is no manifest injustice in denying relief twenty years after appellant’s plea and conviction were entered.
For these reasons, we affirm the denial of the postconviction relief motion.
POLEN and TAYLOR, JJ., concur.

. Any claim of ineffective assistance based upon failure to investigate the alibi is time-barred. See Fla. R. Crim. P. 3.850(b).